**SOUTHERN PAC. CO. v. H. MOFFAT CO.**
**SAME v. UNION SHEEP CO.**

**Nos. 11077, 11078.**

Circuit Court of Appeals, Ninth Circuit.

March 14, 1946.

Rehearing Denied April 11, 1946.

ORR, Circuit Judge.

Appellant is a common carrier operating railroad lines and as such is engaged in interstate commerce. Appellees are engaged in the meat packing business, and from the 1st day of August, 1938, to and including the 2nd day of October, 1940, shipped livestock over the railroad lines operated by appellant. In order to comply with the requirements of 45 U.S.C.A. §§ 71, 72,[1] known as the 28-hour law, and at the

---

[1] 45 U.S.C.A., § 71: "No railroad * * * whose road forms any part of a line of road over which cattle * * * or other animals shall be conveyed from one State * * * into or through another State * * * shall confine the same in cars * * * for a period longer than twenty-eight consecutive hours * * * without unloading the same * * * into properly equipped pens, for rest, water, and feeding * * *."

45 U.S.C.A. § 72: "Animals so un-

request of appellees, the appellant caused certain of the livestock shipped over its lines by appellees to be unloaded at yards constructed, for that purpose at Sparks, Nevada, for rest, water and feed.

.The yards at Sparks, Nevada, were being operated by an independent company known as the Western Livestock Service Company (hereafter called Livestock Company), under lease from appellant. The said livestock were rested, watered and fed, as requested, and reloaded on the railroad cars by the said Livestock Company, who, thereafter, submitted to appellant its bill for the services rendered, which appellant paid.

· The charges made by the said Livestock Company were at the rate of $26 per ton for hay furnished and $1 service charge per single deck car during a portion of the time involved. At other times, the hay price was $25 per ton and the service charge was, $1.10. Appellant billed appellees for the amount it had paid the Livestock Company. Appellees refused to pay said sum because they considered said charges unreasonable, unjust and excessive.

Appellant brought suit in the lower court against the H. Moffat Company for the sum of $3,580.81 and against the Union Sheep Company for $3,108.77. The two actions were consolidated for trial. The complaint in each action contained two causes of action, the first having for its purpose the amounts sought based upon the alleged existence of a tariff filed with the Interstate Commerce Commission and the cost to appellant for the feed; and, the second having for its purpose the recovery of the sums claimed on the basis that appellant had furnished the feed and rendered the services at the request of appellees and that the amounts charged therefor were reasonable.

During the trial appellees paid the service charges, leaving for determination only the amounts due for feed furnished. After trial was had and the case submitted, the trial court ordered the submission thereof vacated, subject to the right of appellant and appellees to submit further evidence. The trial court, in reopening the case for the introduction of further evidence, stated its view to be that appellant was not entitled to recover more than the actual cost to the Livestock Company of the feed furnished. Thereafter, a further hearing was had and

evidence taken as to the actual cost to the Livestock Company of the feed furnished. On September 25, 1944, the District Court entered a judgment dismissing the two actions. Hence this appeal.

Under the provisions of 45 U.S.C.A., § 72 (see note 1), appellant was required to make provision for the feeding, watering and resting of the livestock in transit, and to do so at the "reasonable expense of the owner." It is admitted that the services in question were performed. The trial court found (Finding XI) that the amounts charged appellees for the feed furnished were unreasonable, unjust and excessive. The court also found (Finding XXIII) that appellant had "failed to prove the reasonable cost of, or the amount of feed fed to defendant's livestock * * *."

 Throughout the trial of this case and until oral argument in this court, appellant insisted it was entitled to recover from appellees the amounts it had paid to the Livestock Company for the service of feeding, resting and watering the livestock shipped over its railroad lines by appellees, and further maintained that the trial court was without jurisdiction to determine the reasonable value of the feed furnished, such being the exclusive function of the Interstate Commerce Commission. At the time of the oral argument in this court, appellant abandoned its contention that lower court was without jurisdiction to determine the reasonable cost or value of the feed furnished and is urging here that the judgments of the lower court should be reversed and the cause remanded with instructions to the lower court to determine the reasonable cost or value. Appellant and appellees agree that appellant was entitled to recover the reasonable cost of the feed furnished. Such is the intent of the statute (note 1).

 Upon the facts alleged by appellant, and admitted by appellees, appellant was entitled to a judgment against each appellee for the reasonable value of the feed furnished by the Livestock Company to such appellee. The trial court made a finding that from the evidence introduced, it could not determine such reasonable value. The fact remains, however, that appellees were furnished the feed and received the benefit ' thereof. Appellant paid the Livestock

---

loaded shall be properly fed and watered during such rest either by the owner or person having the custody thereof, or in

case of his default in so doing, then by the railroad * * * at the reasonable expense of the owner * * *." ·

Company for said feed. To permit appellees to retain such benefit at the expense of appellant would be an unjust discrimination in their favor.

The judgments are reversed and the causes remanded with directions to the lower court to find the reasonable value of the feed furnished by the Livestock Company to each appellee and, thereupon, to enter judgments in favor of appellant for the reasonable value of the feed as found by it. In the event the trial court is unable to find such reasonable value from the evidence now incorporated in the record, it is directed to reopen the case to permit the introduction of further evidence of the reasonable value of the feed furnished. As to the amount of feed furnished, we think a consideration of all the evidence before the court establishes the fact that appellees' livestock were fed at least the minimum required by the Department of Agriculture— 200 pounds of hay per carload shipment of cattle and 100 pounds per deck for sheep.

Judgments reversed.